UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROSS, | No. 2:07-cv-01668-MCE-JFM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| WOODLAND JOINT UNIFIED SCHOOL DISTRICT; BOARD OF TRUSTEES OF THE WOODLAND JOINT UNIFIED SCHOOL DISTRICT; DOUGLAS MIDDLE SCHOOL; WOODLAND HIGH SCHOOL; PLAINFIELD ELEMENTARY SCHOOL; PIONEER HIGH SCHOOL; LEE MIDDLE SCHOOL, | |
| Defendants. | |

----oo0oo----

Michael Ross' ("Plaintiff") Complaint against Woodland Joint Unified School District, the Board of Trustees of the Woodland Joint Unified School District, various schools in the District, and nearly five hundred unnamed students and parents was dismissed pursuant to Fed. R. Civ. P. 12(b)(6)[1] in this Court's Order of March 26, 2008.

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

1

1 In that same Order, Plaintiff was granted leave to amend within
2 twenty days of the date of that Order.  As of the date of this
3 Order, more than four months later, Plaintiff has failed to file
4 an amended complaint.  Defendants now move to dismiss the action
5 for failure to comply with a court order pursuant to Rule 41(b).[2]

**BACKGROUND**

The Court has previously set forth a factual background for this action in its Order of March 26, 2008, which is incorporated by reference and need not be reproduced herein.  Mem. & Order 2-3, March 26, 2008.

On March 26, 2008, this Court dismissed Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  Because Plaintiff was a pro se litigant this Court granted leave to amend the complaint within twenty court days of the Order.  Plaintiff failed to file an amended complaint within the time allotted, and Defendants now move to dismiss the action for failure to comply with the Court's order pursuant to Rule 41(b).  Plaintiff has not opposed Defendants' motion, nor has he offered the Court any explanation or excuse for his failure to file an amended complaint.

///
///
///

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

2

## ANALYSIS

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)). After considering these factors the court may appropriately dismiss an action when four factors support dismissal or three factors strongly support dismissal. Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

A plaintiff's failure to amend his complaint after it's dismissal with leave to amend may be considered a failure to comply with a court order, and the Court may dismiss the action pursuant to Rule 41(b). Id. Because a plaintiff may chose not to file an amended complaint, a dismissal under Rule 41(b) for failure to file an amended complaint is only proper if the plaintiff has not given the court notice that he does not intend to file an amended complaint. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-1065 (9th Cir. 2004).

///

In the instant case, Plaintiff has not provided any notice that he did not intend to file an amended complaint in the time allotted by this Court's prior Order.  Therefore this Court will properly consider Defendants' motion to dismiss pursuant to Rule 41(b) under the factors listed in Ferdik.

### 1.  First, Second, and Fourth Factors

In considering the factors, "the first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

"District courts have an inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson, 782 F.2d at 831.  In the present case, the first two factors, expeditious resolution of this litigation and the Court's need to manage its docket, weigh strongly in favor of dismissal.  This case has been pending in this Court for almost one year, in which time this Court has devoted time and resources which could otherwise be used in the efficient management of other matters. Through his continued noncompliance with the Court order, Plaintiff has brought this action to a halt and interfered with the Court's ability to control its own docket.  Because of this interference, the first two factors - the public's interest in expeditious resolution and the Court's need to manage its docket - weigh strongly in favor of dismissal.

4

1    The public policy favoring disposition of cases on their
2 merits always weighs against dismissal. Hernandez v. City of El
3 Monte, 138 F.3d 393, 399 (9th Cir. 1998). In this case,
4 Plaintiff did not plead facts that constituted a cognizable
5 claim; however, public policy supports deciding this action on
6 those merits, or lack thereof.

8    **2.   Risk of Prejudice to the Defendants**

10   "In determining whether a defendant has been prejudiced, we
11 examine whether the plaintiff's actions impair the defendant's
12 ability to go to trial or threaten to interfere with the rightful
13 decision of the case." Malone v. United States Postal Service,
14 833 F.2d 128, 131 (9th Cir. 1987). An unreasonable delay by the
15 Plaintiff creates a rebuttable presumption of prejudice. In re
16 Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994); Yourish, 191 F.3d at
17 991-992 (Plaintiff's poor excuse for default indicated sufficient
18 prejudice for third factor to strongly favor dismissal). In this
19 case, Plaintiff was notified that he had twenty days to amend his
20 complaint, but has not filed an amended complaint, nor put forth
21 a reason for his failure to comply with the Court's Order. It
22 has now been more than four months since Plaintiff's Complaint
23 was dismissed. This factor weighs strongly in favor of dismissal
24 due to Plaintiff's failure to provide an excuse as to the cause
25 of the delay.
26 ///
27 ///
28 ///

### 3. Availability of Less Drastic Alternatives

"When a case is still young, 'a district court must consider... less drastic alternative sanctions' before dismissing." <u>United Van Lines, LLC v. Edwards</u>, 2008 WL 686840, *3 (E.D. Cal., 2008)(quoting <u>Raiford v. Pounds</u>, 640 F.2d 944, 945 (9th Cir.1981)). Alternative sanctions may include a warning or providing the plaintiff with a second or third chance following a procedural default. <u>Malone</u>, 833 F.2d at 132 n. 1. However, warnings regarding the failure to obey the Court's order are not always necessary, and are more important in actions in which the motion to dismiss is <u>sua</u> <u>sponte</u> rather than by way of a noticed motion. <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1229 (9th Cir. 2006). Plaintiff was informed, by way of this Court's prior order, that he had twenty days to file an amended complaint if he chose to do so. Nonetheless, Plaintiff failed to file an amended complaint and failed to oppose this noticed Motion to Dismiss. That this dismissal action arose from a noticed motion, in addition to Plaintiff's failure to oppose the motion, weigh in favor of dismissal.

This Court finds that three of the factors weigh strongly in favor of dismissal and Defendants' Motion to Dismiss pursuant to Rule 41(b) is GRANTED.

///
///
///
///

**CONCLUSION**

Defendants' Motion to Dismiss Plaintiff's action with prejudice pursuant to Rule 41(b) is GRANTED.

IT IS SO ORDERED.

Dated: August 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7